JANE DOE,                          *
                                   *
    **Plaintiff,**             *
                                   *
vs.                                *    **CIVIL ACTION NO. 19-00272-B**
                                   *
LANDON HILT,                       *
                                   *
    **Defendant.**             *

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Jane Doe's motion for default judgment against Defendant Landon Hilt (Doc. 85). The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Plaintiff's motion be **DENIED**, that the default entered against Defendant Hilt be **SET ASIDE**, and that Plaintiff be granted an extension of time to perfect or otherwise establish the validity of service on Defendant Hilt.

## I.  BACKGROUND

On June 10, 2019, Plaintiff Jane Doe, by and through her mother and father,[1] filed a complaint in this Court against

---

[1] Because of the sensitive nature of the allegations in this case, the Court granted Jane Doe, who was a minor when this lawsuit was filed, leave to proceed anonymously. (Doc. 17). After Jane Doe reached the age of majority, the Court substituted Jane Doe as the

Defendants Clarke County School District, Larry Bagley, Stuart Etheridge, Julia Ann Deas, and Landon Hilt, alleging violations of Title IX of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.[2] (Doc. 1). This action was assigned to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c). (Doc. 2).[3]

On July 15, 2019, a certified mail return receipt was filed, reflecting that the process mailed to Defendant "Landon Hilt, 150 Odom Drive, Jackson, AL 36545," was signed for by one Leslie Hilt on July 11, 2019. (Doc. 10). On September 3, 2019, Plaintiff filed a motion for default judgment, requesting that a default be entered against Defendant Hilt based on his failure to plead or otherwise respond to the complaint. (Doc. 19). The Court construed the motion as an application for entry of default and referred it to the Clerk of Court for appropriate action. (Doc. 20). On September 5, 2019, the Clerk entered a default against Hilt pursuant to Federal Rule of Civil Procedure 55(a). (Doc.

---

Plaintiff in this action, in place of her mother and father. (Doc. 69).

[2] The complaint included two causes of action against the Clarke County School District and a § 1983 cause of action against Landon Hilt, Larry Bagley, Stuart Etheridge, and Julie Ann Deas. (Doc. 1).

[3] In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, Plaintiff and Defendants Clarke County Board of Education, Larry Bagley, Stuart Etheridge, Julia Ann Deas, Kenneth Harbuck, and Woodie Pugh consented to have a United States Magistrate Judge conduct any and all proceedings in this case. (Docs. 39, 56).

21).  In January 2020, Plaintiff amended her complaint to, *inter alia*,[4] add state law causes of action against Hilt and others for invasion of privacy, assault and battery, and outrage.  (Docs. 41, 43).

On February 15, 2021, Plaintiff and Defendants Clarke County Board of Education, Larry Bagley, Woodie Pugh, Stuart Etheridge, Kenneth Harbuck, and Julia Ann Deas filed a joint stipulation of pro tanto dismissal of this action with prejudice, stating that Plaintiff and the above-referenced Defendants had reached a settlement.  (Doc. 82).  The stipulation stated that Plaintiff reserved all rights and actions against Defendant Hilt.  (Id. at 2).  On February 18, 2021, the Court entered an order dismissing with prejudice Plaintiff's claims against all Defendants except for Hilt, terminating those Defendants as parties, and directing Plaintiff to file a status report addressing the status of her claims against Hilt.  (Doc. 83).

On February 24, 2021, Plaintiff filed a status report, along with the instant motion for default judgment.  (Docs. 84, 85).  In her motion, Plaintiff requests that the Court enter a default

---

[4] Plaintiff also made other amendments, including adding Woodie Pugh and Kenneth Harbuck as Defendants, correcting the name of the Clarke County School District to the Clarke County Board of Education, and adding a claim against the Clarke County Board of Education for negligent and/or wanton and malicious training, supervision, and retention.  (See Docs. 31, 41, 43).

judgment against Hilt, with a determination of damages to be made by a jury or through an evidentiary hearing. (Doc. 85).

## II. __DISCUSSION__

Before entering default judgment, a court must ensure that it has personal jurisdiction over the defendant. Patray v. Nw. Pub., Inc., 931 F. Supp. 865, 869 (S.D. Ga. 1996). "Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process." Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quotation omitted).

"Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003). Thus, insufficient service of process on a party typically "operates to prohibit a court from entering a default judgment against that party." Rismed Oncology Sys., Inc. v. Baron, 638 F. App'x 800, 805-06 (11th Cir. 2015) (per curiam).

> [C]ourts may raise the question [of personal jurisdiction] *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, since a default judgment entered against a defendant who is not subject to personal jurisdiction is void. A federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. Without personal service of process in accordance with applicable law, a federal

court is without jurisdiction to render a personal judgment against a defendant.

*CHCC Co. LLC v. Pilgrim Pipeline Holdings, LLC*, 2017 U.S. Dist. LEXIS 154795, at *8, 2017 WL 4216464, at *3 (M.D. Fla. Sept. 22, 2017) (internal citations omitted).

Service of process on an individual within the United States is governed by Federal Rule of Civil Procedure 4(e).[5]  Under Rule 4(e)(2), service must be made by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B)

---

[5] Rule 4(e) provides:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > **(2)** doing any of the following:
> >
> > > **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). "The term 'delivering' appears to refer to personal service." Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam). Therefore, "mailing of the complaint and summons does not constitute 'delivering' the complaint to [the defendant] or his agent within the meaning of Rule 4(e)(2)(A) or (C)." Dixon v. Blanc, 796 F. App'x 684, 688 (11th Cir. 2020) (per curiam). Likewise, "it does not appear that one may 'leav[e] copies' within the contemplation of this rule by using certified mail." U.S. Bank Nat. Ass'n v. Turquoise Props. Gulf, Inc., 2010 U.S. Dist. LEXIS 80365, at *9, 2010 WL 3155495, at *2 (S.D. Ala. Aug. 5, 2010). Because Plaintiff attempted to serve Hilt by certified mail, she has not perfected service on Hilt in accordance with Rule 4(e)(2). See Wright v. Walmart, 2020 U.S. Dist. LEXIS 155128, at *16, 2020 WL 4938367, at *7 (N.D. Ga. Apr. 1, 2020) ("Under the Federal Rules, the certified mailing of the summons and complaint does not constitute proper service of process under Rule 4(e)(2).") (quotation omitted).

"In the alternative, service can be perfected by complying with Alabama service rules." Johnson v. Champions, 2013 U.S. Dist. LEXIS 10791, at *2, 2013 WL 275957, at *1 (S.D. Ala. Jan. 24, 2013)

(citing Fed. R. Civ. P. 4(e)(1)). "The Alabama rule is substantively the same as the federal rule." Turqoise Props., 2010 U.S. Dist. LEXIS 80365, at *9, 2010 WL 3155495, at *2; compare Fed. R. Civ. P. 4(e)(2), with Ala. R. Civ. P. 4(c)(1). However, unlike federal law, Alabama allows "service by certified mail, return receipt requested, sent by counsel and effective upon the date of delivery to the 'named addressee or the addressee's agent as evidence by signature on the return receipt.'" S. Guar. Ins. Co. v. Robinson, 2012 U.S. Dist. LEXIS 12576, at *5, 2012 WL 353767, at *2 (S.D. Ala. Feb. 2, 2012) (citing Ala. R. Civ. P. 4(i)(2)(B)(ii) & (C)).

If someone other than the defendant has signed for the certified mail, "service is good only if the signatory constitutes the defendant's 'agent,' that is, 'a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee.'" Turqoise Props., 2010 U.S. Dist. LEXIS 80365, at *9, 2010 WL 3155495, at *2 (citing Ala. R. Civ. P. 4(i)(2)(C)).

As noted *supra*, Plaintiff attempted to serve Hilt by certified mail, and the mailing was directed to Hilt at "150 Odom Drive, Jackson, AL 36545." (Doc. 10). However, the certified mail return receipt submitted as evidence of service of Hilt in this case is not signed for by Landon Hilt. Instead, the return receipt appears

to be signed by a Leslie Hilt.   The boxes marked "Agent" and "Addressee" on the return receipt are left blank.   (See id.).

Rule 4(i)(2)(C) provides that an "agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default."   Ala. R. Civ. P. 4(i)(2)(C).   The rule "does not provide that a mere signature on a return receipt constitutes prima facie evidence of agency or authority to accept service as part of that agency."   Premier Health Mgmt., Inc. v. Sherling, 100 So. 3d 561, 568 (Ala. Civ. App. 2012).   Rather, "unless an agency relationship and written or specific authority is noted thereon, a return receipt reflects only that the person who signed the receipt accepted delivery of the process at the address and on the date and time specified." Id. (finding service insufficient despite "some evidence indicating" that the person who signed the return receipt resided at the same address as the defendant and that they were somehow related, because plaintiff "did not present any evidence—not even prima facie evidence, much less conclusive evidence—indicating that [the signatory] had the specific authority, written or otherwise, to accept service by mail for [the defendant]"; see also McDermott v. Tabb, 32 So. 3d 1, 4 (Ala. 2009) (holding that certified mail receipt did not establish that the person signing

for process was the individual defendant's agent for purposes of Rule 4(i)(2)(C)); Duncan v. S.N., 907 So. 2d 428, 432 (Ala. 2005) (finding that service did not meet the requirements of Rule 4(i)(2)(C) because there was no evidence indicating that the person who signed the return receipt was "specifically authorized by [Duncan] to receive [his] mail and to deliver that mail to [him]"); Champions, 2013 U.S. Dist. LEXIS 10791, at *4, 2013 WL 275957, at *1 (finding that plaintiffs failed to demonstrate proper service of process under Fed. R. Civ. P. 4(e)(1) when there was nothing in the file to indicate the signatory's relationship to the defendant or the defendant's authorization of the signatory to receive his mail and deliver it to him).

Although they share the same last name, Leslie Hilt's relationship to Defendant Hilt is otherwise unclear, and the Court is aware of no evidence establishing that Leslie Hilt is "specifically authorized by [Defendant Hilt] to receive [his] mail and to deliver that mail to [him]." See Ala. R. Civ. P. 4(i)(2)(C). Accordingly, Plaintiff has failed to demonstrate proper service of process on Hilt under Rule 4(e)(i). Because effective service is a necessary predicate to a motion for default judgment, Plaintiff's motion for default judgment (Doc. 85) is due to be denied.

A court "'may set aside an entry of default for good cause,' Fed. R. Civ. P. 55(c), such as insufficient service of process." EMI Sun Vill., Inc. v. Catledge, 779 F. App'x 627, 633 (11th Cir.

2019) (per curiam) (internal citation omitted).  As long as good cause exists, the court may act *sua sponte*.  See Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1267 (11th Cir. 2003).  Because Plaintiff has not demonstrated that she has perfected service on Hilt, the undersigned recommends that the default entered against Hilt (Doc. 21) be set aside.

Plaintiff's complaint was filed in June 2019.  (Doc. 1). However, as noted, Plaintiff has not perfected service on Hilt. Thus, her claims against Hilt are subject to dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m).[6]  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  "Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009) (quotation omitted). If the Court finds that good cause is absent, it "must still consider whether any other circumstances warrant an extension of time based on the facts of the case."  Lepone-Dempsey v. Carroll

---

[6] Rule 4(m) provides, in part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).[7] "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

The undersigned finds that Plaintiff's failure to submit proof of proper service of Defendant Hilt does not constitute "good cause" within the meaning of Rule 4(m). However, there are other circumstances that warrant extending the time for Plaintiff to serve Hilt. First, dismissal without prejudice would likely prevent the refiling of some or all of Plaintiff's claims against Hilt due to the running of the statute of limitations. Second, because service of process was at issue when Plaintiff filed her first motion for default judgment (Doc. 19) on September 3, 2019,[8] it was proper for the Court, rather than the Clerk, to consider Plaintiff's request for entry of default at that time. See Byrd v. City of Selma, 2021 U.S. Dist. LEXIS 30377, at *1 (S.D. Ala. Feb. 17, 2021). However, Plaintiff's first motion for default

---

[7] Factors that may justify the grant of an extension of time absent a showing of good cause include, but are not limited to, whether the defendant is evading service or conceals a defect in attempted service, and whether the statute of limitations will bar the re-filing of the lawsuit should it be dismissed. Lepone-Dempsey, 476 F.3d at 1282.

[8] Plaintiff's first motion for default was filed less than ninety days after the filing of the complaint. (See Docs. 1, 19).

judgment was construed as an application for entry of default and was referred to the Clerk of Court for appropriate action, and the Clerk entered a default against Hilt. (Docs. 20, 21). Thus, the Court's determination of insufficient service of process on Hilt, which could have been made much earlier had the Court ruled on Plaintiff's original motion for default judgment, was delayed until the Court's ruling on the instant motion, long after the ninety-day Rule 4(m) period had expired.

Under these circumstances, the undersigned finds that an extension of time for Plaintiff to perfect service or otherwise establish the validity of service on Hilt is warranted, and it is thus recommended that Plaintiff be granted an extension of time to properly serve Hilt, and file proof of same, within a time specified by the Court.

## III. <u>CONCLUSION</u>

For the reasons set forth above, it is **recommended** that Plaintiff's motion for default judgment (Doc. 85) be **DENIED,** that the default entered against Defendant Landon Hilt (Doc. 21) be **SET ASIDE**, and that Plaintiff be ordered to properly serve Hilt, and to file proof of same, within a time specified by the Court.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14)

days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **March, 2021.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
