# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 19-00272-KD-M |
| | ) |
| CLARKE COUNTY BOARD OF EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on Plaintiff Jane Doe's Motion for Default Judgment and Request for a Hearing or Trial to Determine Damages (doc. 94) and brief in support (doc. 103). An evidentiary hearing was held December 9, 2021.[1] Upon consideration of the motion, brief, and the testimony presented at the hearing, and for reasons discussed on the record, the Motion is GRANTED in part and DENIED in part. Accordingly, damages in the total amount of $50,000.00 are awarded to Plaintiff Doe.

I. <u>Background</u>

Doe, a minor and student at Jackson High School, filed a complaint against the Clarke County Board of Education, and certain school board employees including Defendant Landon Hilt, her history teacher (doc. 43). Doe settled her claims against all defendants but for Hilt.

Doe alleges that on October 3, 2016, she was standing near Hilt's classroom when "he walked up, reached out and grabbed her crotch" (Id., p. 10). She told Hilt "to stop and he did"

---

[1] At the hearing, Doe's counsel was given until December 20, 2021, to file a petition for reasonable attorney fees. To date, no petition has been filed. Accordingly, no attorney fees are awarded.

(Id.). Hilt "did not say anything and only stared at her and then unlocked his classroom" (Id.). Doe was upset. Her mother took her home from school that day (Id.). Doe told her school principal and made a complaint with law enforcement (Id., p. 9-10). An investigation ensued (doc. 43-1) and Hilt was placed on administrative leave. As a result of the investigation, Hilt pled guilty to Assault 3rd Degree, a Class A misdemeanor. Ala. Code § 13A-6-22(a)(1) (1975) (doc. 103, p. 5-6).[2]

Doe claims that Hilt violated her right to Equal Protection under the Fourteenth Amendment (Count II) (doc. 43, doc. 103). She also brings state law tort claims against Hilt. Specifically, invasion of privacy (Count IV), assault and battery (Count V), and outrage (Count VI). Id. Hilt failed to answer or otherwise respond to the complaint and has been found in default (doc. 93). Doe now moves the Court for entry of default judgment against Hilt. The Court heard the motion on December 9, 2021.

At the hearing, Doe testified that in October 2016, she was fifteen years old and a student at Jackson High School. Hilt was her history teacher. She confirmed her statements in the police reports and her statement that Hilt gave her an easy poke in the vaginal area while she was standing outside the classroom. Doe testified that afterward, Hilt stared at her and walked into the classroom. Doe felt bad and a little scared. She went into the bathroom, called her mother, and started crying. A friend took the phone and told her mother what happened. A counselor was called, she brought Doe from the bathroom, and her mother took her home. Doe met with

---

[2] "(a) A person commits the crime of assault in the third degree if: (1) With intent to cause physical injury to another person, he causes physical injury to any person; or (2) He recklessly causes physical injury to another person; or (3) With criminal negligence he causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or (4) With intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person. (b) Assault in the third degree is a Class A misdemeanor." Ala. Code § 13A-6-22.

counselors at the Child Advocacy Center on three occasions. Doe did not return to Hilt's history class. After the incident, she felt very scared and nervous about what had happened but denied any lingering effects. Doe graduated and went to college. At present, she has withdrawn from college and plans to work at a warehouse.

Doe's mother testified that Doe called her from school, but she could not understand her because Doe was crying and screaming. Doe's friend told her what happened. Doe's mother then contacted the counselor and asked her to bring Doe to the office until she could get to the school. When she arrived, Doe was shaking and crying. Doe told her mother that Hilt had touched her pants in her vaginal area. Her mother took her home.

Doe's mother also testified that after the incident, Doe stayed in her room more often, stayed to herself, did not talk much, shut down, and stopped communicating. Her parents decided she needed counseling and Doe went to the Child Advocacy Center. The counseling sessions helped but Doe was still withdrawn and not an active athletic person as before the incident. This period of withdrawal lasted about four months. With basketball she started coming around, but still stayed mostly to herself.

Doe's mother also testified that Doe was anxious about returning to school because of comments on social media. Some students were mad and believed Hilt deserved the consequences, but some students liked Hilt and said Doe was lying. This exchange embarrassed the family. Doe experienced hair loss, so her mother had to cut it and Doe began wearing a short hair style.

II. Jurisdiction

A. Subject matter jurisdiction and venue

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because the action arises under 42 U.S.C. § 1983, an act of Congress. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Doe's state law claims.

Venue is proper in the Southern District of Alabama. See 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]").

B. Personal jurisdiction[3]

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, "an individual within a judicial district of the United States . . . may be served in a judicial district of the United States by . . . leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Fed. R. Civ, P. 4(e)(2)(B). Also, "[u]nless service is waived, proof of service must be made to the court" and absent service by the U.S. Marshal or a deputy marshal, "proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

The process server's declaration under penalty of perjury indicates that the summons and complaint were served by leaving a copy with Hilt's daughter, a person of suitable age and discretion, who resided at Hilt's residence (docs. 90, 91). The declaration indicates that Hilt resided in Jackson, Alabama in Clarke County, Alabama, which is within the Southern District of Alabama, a judicial district of the United States. Therefore, the Court has personal jurisdiction over Hilt.

---

[3] Previously, Doe attempted to serve Hilt by certified mail (doc. 10). The return receipt indicated that Hilt's wife had signed but did not indicate her status as agent. The Court determined that service had not been perfected and gave Doe additional time (docs. 86, 88).

III. Standard of review

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment may be entered "[w]hen a defendant has failed to plead or defend[.]" Fed. R. Civ. P. 55(b)(2). The "court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

However, the Court of Appeals for the Eleventh Circuit has a "strong policy of determining cases on their merits"; therefore, default judgments are generally disfavored. Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1244-45 (11th Cir. 2015). The Eleventh Circuit has held that even though "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of the law." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The Eleventh Circuit has explained that entry of a default judgment is warranted only if there is a sufficient basis in the pleadings for judgment to be entered and "interpreted [this] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain, 789 F.3d at 1245. In that regard, a well-pleaded complaint does not need detailed factual allegations but must provide the grounds for entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Thus, the complaint must include more than labels and conclusions, and "a formulaic recitation of the

elements of a cause of action will not do." Iqbal, 556 U.S. at 678. Therefore, Hilt, as the defaulted defendant, is deemed to admit all well-pleaded allegations of fact but not to admit facts not well-pleaded or to admit conclusions of law. U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin, 754 Fed. Appx. 843, 845 (11th Cir. 2018) (citing Surtain, 789 F.3d at 1245).

IV. Analysis

A. Doe's Equal Protection claim pursuant to 42 U.S.C. § 1983[4]

In Count II, Doe claims that all defendants, including Hilt, acting under color of state law, violated her rights under the Fourteenth Amendment. U.S. Const. amend. XIV, § 1. Specifically, her "right as a public school student to personal security and bodily integrity [under the Due Process Clause] and Equal Protection of Laws." (Doc. 43, p. 16). At the hearing, Doe conceded any claim pursuant to the Due Process Clause and argued that her claim was based upon the Equal Protection Clause (see also doc. 103, Doe's Brief, p. 1-3; doc. 43, p. 16-17).

---

[4] Doe's complaint was filed after the expiration of the two-year statute of limitation. Estate of West v. Smith, 9 Fed. 4th 1361, 1366 (11th Cir. 2021) ("Counts I and III are § 1983 claims subject to two-year statutes of limitations.") (citing Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (acknowledging that § 1983 actions borrow the statute of limitations from the "most analogous" state statute of limitations (quotation omitted)) (citing Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). However, the expiration of a statute of limitation is an "affirmative defense" that must be "affirmatively stated" in response to a pleading. Fed. R. Civ. P. 8(c). See Cross v. Equityexperts.org, LLC, 2021 WL 5279412, at *6 (11th Cir. Nov. 12, 2021) (citing American National Bank of Jacksonville v. F.D.I.C., 710 F. 2d 1528, 1537 (11th Cir. 1983) for its finding that "defendant 'waived its right to advance the statute of limitations defense by its failure to assert this affirmative defense in any pleading filed below in compliance with Fed. R. Civ. P. 8(c)"). Since Hilt did not answer or otherwise respond, he waived his opportunity to raise this affirmative defense.

"Section 1983 allows persons to sue individuals or municipalities acting under the color of state law for violations of federal law." Hill v. Cundiff, 797 F.3d 948, 976 (11th Cir. 2015) (citation omitted). "[T]o establish individual liability under § 1983, a plaintiff must 'show that the official, acting under color of state law, caused the deprivation of a federal right.'" Doe II v. Savannah-Chatham Cty. Pub. Sch. Sys., 2021 WL 3376826, at *7 (S.D. Ga. Aug. 3, 2021) (quoting Kentucky v. Graham, 473 U.S. 159, 166, 150 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)) (appeal filed, 11th Cir., September 1, 2021).

Relevant to Doe, the Equal Protection Clause "confers a federal constitutional right to be free from sex discrimination." Hill v. Cundiff, 797 F.3d 948, 976 (11th Cir. 2015) (citation omitted). "Sex discrimination is understood ordinarily to include sexual harassment." Hill v. Madison County School Board, 2013 WL 5773855, at *7 (N.D. Ala. Oct. 24, 2013), *aff'd in part, rev'd in part sub nom*. Hill v. Cundiff, 797 F.3d 948 (11th Cir. 2015). Additionally, a "single discriminatory act against one individual can amount to intentional discrimination for equal protection purposes." C.C. ex rel. Andrews v. Monroe County Bd. of Educ.,2011 WL 6029758, at *2 (S.D. Ala. Dec. 5, 2011) (citing Arlington Heights v. Metropolitan Housing Development Corp*.,* 429 U.S. 252, 266 n. 14 (1977)).

Doe's well-pleaded factual allegations (doc. 43, p. 9-10)[5] establish that Hilt deprived Doe of her Equal Protection right to be free from sexual harassment and that he was acting under color of state law when he caused the deprivation. By Hilt's default, he admitted that he touched her vagina outside the door to his classroom. Also, by his default, Hilt admitted he was acting in

---

[5] Count II does not contain specific allegations as to how Hilt individually deprived Doe of her federal right to Equal Protection (doc 43, p. 16-17).

his capacity as a public school teacher, a state employee. Thus, he was acting under color of law, and not in the role of a private person. Myers v. Bowman, 713 F.3d 1319, 1329–30 (11th Cir. 2013) (citations omitted) ("'A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state,' … or when 'the manner of his conduct ... makes clear that he was asserting the authority granted him and not acting in the role of a private person[.])"; see also Hackett v. Fulton County School District, 238 F. Supp. 2d 1330, 1356 (N.D. Ga. 2002)[6] (Under this standard, it is clear that a public school teacher acts under color of state law when he commits an act of assault or abuse against a student in his class, on school property and during the school day when the student is under the teacher's control or authority.").

Upon consideration, the Court finds that the well-pleaded facts deemed admitted by Hilt's default and the evidence submitted by Doe, including specifically the hearing testimony, are sufficient to establish Hilt's individual liability to Doe. Accordingly, default judgment is entered in favor of Doe as to her Equal Protection claim.

B. Count IV – Invasion of privacy.[7]

---

[6] In Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001, the Court of Appeals for the Eleventh Circuit found Doe v. Taylor Independent School District, 15 F.3d 443(5th Cir.), cert. denied, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994), presented an example of a state employee acting under color of law. Specifically, "[f]or example, in Doe v. Taylor, the Fifth Circuit found that there was a sufficient nexus between a teacher's duties and his sexual relationship with a student for color of law purposes where the sexual misconduct began on school grounds and where the defendant 'took full advantage of his position as [plaintiff's] teacher' to create opportunities for sexual contact, exempt her from doing schoolwork, to give her good grades, and to intervene on her behalf to get her a better grade in another class.'"

[7] Doe's complaint was filed after the expiration of the two-year statute of limitation for the tort of invasion of privacy. Bowman v. City of Birmingham, 2007 WL 9711415, at *1 (N.D. Ala. Jan. 29, 2007) ("Plaintiff's claim is barred by Alabama's two-year statute of limitations for miscellaneous personal injury claims, which applies to the state common law tort of invasion of privacy[.]") (citing Alabama Code § 6-2-38(l) "All actions for any injury to the person or rights

8

Doe alleges that Hilt committed the tort of invasion of privacy "by touching her vagina" and that Hilt "acted with malice and /or reckless indifference" (doc. 43, p. 20). Doe argues that the touching was a violation of her privacy (doc. 103, p. 5). As a result, she suffered emotional distress, embarrassment, and humiliation.

"Under Alabama law, a claim for invasion of privacy may consist of 'four limited and distinct wrongs: (1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use.'" Tison v. Alachua Straw Co. LLC, 444 F. Supp. 3d 1344, 1356, n. 6 (M.D. Ala. 2020) (Johnston v. Fuller, 706 So. 2d 700, 701 (Ala. 1997)).

As pled, Doe appears to claim invasion of privacy based upon intrusion into her physical solitude or seclusion. To succeed on her claim, Doe must establish that the invasion of privacy "consists of 'the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.'" Watts v. Jay Hanuman, Inc., 2012 WL 1424881, at *5 (N.D. Ala. Apr. 20, 2012) (citing McIsaac v. WZEW–FM Corp., 495 So.2d 649, 651 (Ala.1986)). "Intrusion into the victim's physical privacy is not

---

of another not arising from contract and not specifically enumerated in this section must be brought within two years."). However, the expiration of a statute of limitation is an "affirmative defense" that must be "affirmatively stated" in response to a pleading. Fed. R. Civ. P. 8(c). See Cross v. Equityexperts.org, LLC, 2021 WL 5279412, at *6 (11th Cir. Nov. 12, 2021) (citing American National Bank of Jacksonville v. F.D.I.C., 710 F. 2d 1528, 1537 (11th Cir. 1983) for its finding that "defendant 'waived its right to advance the statute of limitations defense by its failure to assert this affirmative defense in any pleading filed below in compliance with Fed. R. Civ. P. 8(c)"). Since Hilt did not answer or otherwise respond, he waived his opportunity to raise this affirmative defense.

necessary; '[o]ne's emotional sanctum is certainly due the same expectations of privacy as one's physical environment.'" Id. (citation omitted). "Complaints of sexual harassment may sufficiently state a claim for invasion of privacy." Id. (citation omitted) (emphasis omitted). However, case law indicates that for invasion of privacy based on sexual harassment, the conduct is typically ongoing and multi-faceted, even though touching or physical contact may have occurred. See Stancombe v. New Process Steel LP, 652 Fed. Appx. 729, 738 (11th Cir. 2016). Accordingly, the Court finds the evidence is insufficient to support an invasion of privacy claim.

C. Count V - Assault and battery

Doe claims that Hilt committed an assault and battery when he subjected her to an unwanted touching in her vagina. She alleges that Hilt acted with "malice and/or reckless indifference" toward her (doc. 43, p. 21).

"Under Alabama law, [a]ssault has been defined as an intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented." R.H. v. Pruett, 2021 WL 2640500, at *3 (N.D. Ala. Jan. 15, 2021) (citations and internal quotation marks omitted). "A successful assault becomes a battery...." Id. (citation omitted) "[A] battery consists in an injury actually done to the person of another in any angry or revengeful or rude or insolent manner...." Id. (internal quotation marks omitted) (emphasis omitted). Therefore, Doe must "prove" that Hilt "touched" her; (2) that Hilt "intended to touch" her; "and (3) that the touching was conducted in a harmful or offensive manner.' " Id. (citations omitted).

Upon consideration, the Court finds that the well-pleaded facts deemed admitted by Hilt's default and the evidence submitted by Doe, including specifically the hearing testimony,

and evidence of Hilt's conviction for Assault 3rd degree, are sufficient to establish that Hilt committed the tort of assault and battery and to establish his liability to Doe. See Ala. Code § 13A-6-22; R.H. v. Pruett, 2021 WL 2640500, at *2–3 ("a prior state criminal conviction is admissible in a subsequent civil action as substantive, but not conclusive, evidence the act underlying the crime was committed.") (citation omitted) Accordingly, default judgment is entered in favor of Doe as to her assault and battery claim.

D. Count VI – Outrage[8]

Doe claims that Hilt "outrageously and intentionally inflicted emotional distress upon [Doe] by subjecting her to sexually abusive and harmful touching" (doc. 43, p. 22). She claims that Hilt's conduct was "extreme, outrageous and beyond the boundaries of decency in a civilized society." (Id.).

Under Alabama law, "[t]o prevail on a claim for the tort of outrage, a plaintiff must show the defendant's conduct (1) was intentional or reckless, (2) was extreme and outrageous, and (3) caused emotional distress so severe that no reasonable person could be expected to endure it."

---

[8] Doe's complaint was filed after the expiration of the two-year statute of limitation for the tort of outrage. Cont'l Cas. Ins. Co. v. McDonald, 567 So. 2d 1208, 1215 (Ala. 1990) (citing Alabama Code § 6-2-38(l) ("the Alabama outrage tort, likewise has a two-year statute of limitations"); Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). However, the expiration of a statute of limitation is an "affirmative defense" that must be "affirmatively stated" in response to a pleading. Fed. R. Civ. P. 8(c). See Cross v. Equityexperts.org, LLC, 2021 WL 5279412, at *6 (11th Cir. Nov. 12, 2021) (citing American National Bank of Jacksonville v. F.D.I.C., 710 F. 2d 1528, 1537 (11th Cir. 1983) for its finding that "defendant 'waived its right to advance the statute of limitations defense by its failure to assert this affirmative defense in any pleading filed below in compliance with Fed. R. Civ. P. 8(c)"). Since Hilt did not answer or otherwise respond, he waived his opportunity to raise this affirmative defense.

R.H. v. Pruett, 2021 WL 2640500, at *4 (N.D. Ala. Jan. 15, 2021) (citing Harrelson v. R.J., 882 So. 3d 317, 322 (Ala. 2003)). "Extreme and outrageous conduct is 'conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" Id. (internal quotation marks omitted). "Alabama courts have held that in egregious cases a sexual assault can rise to the level of extreme and outrageous conduct." Id. (citing K.M. v. Alabama Dept' of Youth Services, 360 F. Supp. 2d 1253, 1260 (M.D. Ala. 2005) (citing Harrelson).

      Doe sufficiently alleged and provided sufficient testimony to support a finding that Hilt's conduct was intentional or reckless. However, she failed to establish that his conduct was extreme and outrageous as contemplated under Alabama law. Alabama courts have typically found outrage where the sexual assault was egregious, such as incidents of rape, sodomy or serious sexual abuse. R.H. v. Pruett, 2021 WL 2640500, at *4 (finding first two elements for the tort of outrage were met when a minor who was living at a home for at-risk boys was taken from the home to the supervisor's residence and sexually abused); Hill v. Cundiff, 797 F.3d 948, 985-86 (11th Cir. 2015) (reversing summary judgment as to claim of outrage where school official allowed one student to act as bait in a plan to catch another sexually predatory student, which resulted in rape of the student during the execution of the plan); O'Rear v. B.H., 69 So. 3d 106 (Ala. 2011) (affirming outrage where a teenage boy undergoing counseling was prescribed addictive drugs in exchange for homosexual sex) (*abrogated on other grounds*, Ex parte Vanderwall, 201 So. 3d 525 (Ala. 2015); K.M. v. Alabama Dept' of Youth Services, 360 F. Supp. 2d at 1260 (finding conduct sufficient to state a claim for outrage where an employee of Youth Services allegedly penetrated a minor female's vagina with his finger, while the minor was in his custody); see also Harrelson v. R.J., 882 So.2d 317, 321–22 (Ala. 2003) (sexual abuse

of a minor by her friend's step-father); K.J.C. by and through Pettaway v. City of Montgomery, 2020 WL 96586 (M.D. Ala. 2020) (finding outrage where intellectually disabled woman was raped by a police officer responding to a call). Therefore, the Court declines to award default judgment as to Doe's tort of outrage claim.

E. Damages

Doe seeks compensatory damages for psychological and emotional distress, loss of standing in her community, and damage to her reputation. She also seeks punitive damages (doc 43, p. 24-25).

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); see also Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters...."); When assessing damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). The Court may award damages following a default "only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985). Additionally, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

13

Upon consideration of the complaint (doc. 43), the pre-hearing brief (doc. 103), Doe's testimony, and Doe's mother's testimony, the Court finds that the record adequately reflects a legitimate basis for an award of compensatory damages in the amount of $5,000.00 and punitive damages in the amount of $45,000.00 (as the Court finds that the evidence is sufficient to support a finding that Hilt acted with reckless disregard to the rights of Doe). Accordingly, damages are awarded in the total amount of $50,000.00.

V. Conclusion

For the reasons set forth herein, default judgment is entered in favor of Doe as to her claims for violations of her right to Equal Protection (Count II) and assault and battery (Count V). The Court declines to enter default judgment as to her claims for invasion of privacy (Count IV) and outrage (Count VI).

Damages are awarded in the total amount of $50,000.00.

Judgment shall be entered by separate document as required by Rule 58(a) of the Federal Rules of Civil Procedure.

DONE and ORDERED this the 11th day of January 2022.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE